UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TOMMY PABELLON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 07-449-DCR |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES PENITENTIARY ) | **MEMORANDUM OPINION** |
| McCREARY, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for screening of Petitioner Tommy Pabellon's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] [Record No. 2] *See* 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). Pabellon is currently confined in the United States Penitentiary-McCreary ("U.S.P. McCreary") in Pine Knot, Kentucky. He has paid the requisite $5.00 filing fee for a habeas proceeding.

A *pro se* petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th

---

[1] The Petitioner has named "USP-McCreary" as the Respondent to this action. The proper Respondent in a § 2241 proceeding is the warden of the facility where the prisoner is confined. *See* 28 U.S.C. § 2242. Likewise, 28 U.S.C. § 2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained." The warden of the facility at which the Petitioner is currently serving his sentence is the Petitioner's custodian within the meaning of 28 U.S.C. §§ 2241-43, and is the only appropriate Respondent to a writ of habeas corpus. *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

Donald L. Stine is the warden of USP-McCreary. The Clerk will be directed to designate "Donald L. Stine, Warden of USP-McCreary" as the Respondent in this action.

Cir. 1999). During screening, the allegations in a *pro se* petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.     BACKGROUND**

Pabellon was convicted by a jury on November 18, 1997, on a four-count indictment stemming from the murder of Ricky Samuel, a government informant.[2] *United States v. Tommy Pabellon*, 97-CR-0487, District of South Carolina, Greenville Division. Thereafter, he was sentenced to four (4) life sentences, each to run concurrently. Pabellon appealed his conviction, and the Fourth Circuit affirmed. *See United States v. Pabellon*, 181 F.3d 93, 1999 WL 305052 (4th Cir. 1999).

On May 8, 2000, Pabellon filed a § 2255 petition, alleging that his trial counsel was ineffective for: (1) failing to object to the admission an out-of-court statement by Bryant Woodruff, an alleged co-conspirator, on the grounds that it violated the Sixth Amendment right to confrontation; (2) failing to object to the prosecutor's closing statement as prosecutorial misconduct; and (3) failing to seek admission of an audio tape which contained an exculpatory statement. *See Pabellon v. United States of America*, 6:00-CV-1392. Pabellon also asserted an ineffective assistance of counsel claim with regard to his appellate counsel. Specifically,

---

[2]     Prior to his death, Samuel provided the government with information regarding Pabellon's drug operations. Samuel testified before a federal grand jury and Pabellon was indicted on federal drug charges. Samuel was scheduled to be a key government witness at Pabellon's upcoming trial on federal drug charges.

Pabellon alleged that his appellate counsel provided ineffective assistance by failing to challenge: (1) the admission of the co-conspirator's statement; and (2) the alleged prosecutorial misconduct.

The court conducted an evidentiary hearing on Pabellon's § 2255 claims and ultimately denied relief on January 3, 2001. *See United States of America v. Pabellon*, 6:00-CV-1392-20. In denying the petition for habeas relief, the court determined that the co-conspirator's statement was admissible as a "statement against penal interest" under Rule 804(b)(3). Additionally, the court determined that Pabellon was not denied effective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In particular, the court rejected Pabellon's claim that his trial and appellate counsel were ineffective because they had failed to argue that the prosecutor had engaged in misconduct.[3] Specifically, the court concluded that the failure to take issue with the prosecutor's closing statement was not prejudicial because "there was an overwhelming amount of evidence supporting the jury's guilty verdict."

The court rejected Pabellon's claim he was denied effective assistance of counsel because the prosecutor threatened his attorneys with an IRS investigation if they continued to represent him. The court determined that the prosecutor's testimony, in which he denied making such threats, was credible. Therefore, the court rejected this claim. The trial court also rejected Pabellon's claim that his trial counsel had rendered ineffective assistance of counsel by failing to seek admission of an audio statement which contained an exculpatory statement made by him. Citing *United States v. Wilkerson*, 84F.3d 692, 696 (4th Cir. 1996), the court noted that there is

---

[3] The Petitioner complained about the prosecutor's statement during closing argument that, "You know who X is. We know who X is."

no exception to the hearsay rule for self-serving, exculpatory statements made by a party which are being sought for admission by that same party. As such, the court found that the tape contained inadmissible hearsay and that there had been no ineffective assistance of counsel with respect to the issue.

Pabellon appealed the denial of his § 2255 petition and on March 29, 2001, the court entered an Order denying a certificate of appealability. The Fourth Circuit subsequently denied his request for a certificate of appealability on August 21, 2001.

On July 9, 2004, Pabellon filed a motion for relief from judgment pursuant to Rule 60(b), asking the trial court to reconsider the denial of the § 2255 motion to vacate, set aside or correct his sentence. The trial court denied the motion on July 16, 2004, construing the Rule 60(b) motion as a successive § 2255 motion challenging his conviction. The court concluded that it was without jurisdiction to consider the motion. Pabellon again appealed, but the Fourth Circuit affirmed the decision of the trial court and denied a certificate of appealability on February 23, 2005. *See United States v. Pabellon*, 122 Fed. Appx. 60 (4th Cir. 2005).[4]

---

[4] The Fourth Circuit stated:

> Because Pabellon's motion did not assert a defect in the collateral review process itself, but rather reargued the merits of his § 2255 motion based on new case law, the district court concluded that it did not constitute a true Rule 60(b) motion under our decision in *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir.), *cert. denied*, 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003). To appeal an order denying a Rule 60(b) motion in a habeas action, Pabellon must establish entitlement to a certificate of appealability.
>
> A certificate of appealability will not issue absent a substantial showing of the denial of a constitutional right. A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. We have independently reviewed the record and conclude that Pabellon has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

On August 16, 2006, Pabellon filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Virginia, Roanoke Division. *See Pabellon v. Terry O'Brien*, 7:06-CV-00491 (Hon. Samuel G. Wilson, presiding). In that petition, Pabellon asserted that his conviction was unconstitutional under *Crawford v. Washington*, 541 U.S. 36 (2004). However, in dismissing the petition as being without merit, the court noted that Pabellon's remedy under 28 U.S.C. § 2255 had not been an inadequate or ineffective means and thus was the proper means by which to challenge his conviction. Specifically, the court stated that:

> A petition pursuant to § 2255 is inadequate and ineffective to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. The Supreme Court's *Crawford* decision did not render legal the conduct for which Pabellon was convicted; therefore, he may not resort to § 2241. Accordingly, the court dismisses Pabellon's § 2241 petition.

*See Pabellon v. O'Brian*, 2006 WL 24345968, *1 (W. D. Va, August 22, 2006) (internal citations and quotation marks omitted).[5] On January 23, 2007, the Fourth Circuit affirmed the dismissal of the § 2241 petition. *Pabellon v. O'Brien*, 214 Fed. Appx. 332, 2007 WL 187943 (4th Cir. January 23, 2007).

---

To the extent Pabellon's notice of appeal and informal brief could be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization.

*U.S. v. Pabellon*, 122 Fed. Appx. 60 (4th Cir. 2005) (internal citations and quotation marks omitted).

[5]  The Westlaw opinion erroneously referred to Warden Terry O'Brien as "Terry O'Brian."

Pabellon filed the current § 2241 habeas petition on December 28, 2007.[6] In support, he argues that the trial court improperly allowed the government's prosecutor to admit the out-of-court statement of Bryant Woodruff, an alleged co-conspirator in drug enterprises.

## II.     DISCUSSION

As a threshold matter, Pabellon asserts, as he must, that his remedy under § 2255 is "inadequate and ineffective" to challenge the validity of his conviction and, therefore, that he may file a habeas corpus petition under § 2241. [Record Nos. 3 and 7][7] He also asserts that he is "actually innocent" of the crimes of which he has been convicted. [*Id.*, p. 4]. In support of his claim of innocence, Pabellon challenges the credibility of various witnesses who testified against him. The central argument of his § 2241 petition is that the trial court improperly allowed the government's prosecutor to admit an out-of-court statement made by Bryant Woodruff. Specifically, Pabellon alleges that the admission of this out-of-court statement violated his rights under the Confrontation Clause as set forth in the Supreme Court's decision in *Crawford v. United States*, 541 U.S. 36 (2004).

In *Crawford*, the Supreme Court held that "testimonial statements of witnesses absent from trial" are admissible "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness]." *Id.* at 59. The *Crawford* decision changed the law with regard to the admissibility of hearsay statements. The previous rule was established in *Ohio v. Roberts*, 448 U.S. 56 (1980) and provided that the admission of a hearsay

---

[6]     The Petitioner is now confined in USP-McCreary, which is located in this judicial district.

[7]     These submissions are duplicate copies of each other.

statement made by a declarant who was unavailable to testify did not violate the Confrontation Clause if the statement bore sufficient indicia of reliability.

Even if the admission of Bryant Woodruff's out-of-court statement violated Pabellon's rights under the Confrontation Clause under *Crawford*, Pabellon is not entitled to the relief he seeks. *Crawford* was decided on March 8, 2004, after Pabellon's conviction became final. The United States Supreme Court has expressly held that its holding in *Crawford* is not retroactive to cases already final on direct review. *Whorton v. Bockting*, 127 S.Ct. 1173, 1183-84 (2007); *see also Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005) (holding that *Crawford* does not apply retroactively to cases on collateral review); *Frankina v. Vasbinder*, 2007 WL 1647925, *9, n.3 (E.D. Mich., June 5, 2007); *Simpson v. Jackson*, 2007 WL 2286242 (S. D. Ohio, August 6, 2007).

*Roberts* was the governing authority on the admissibility of out-of-court statements when Pabellon was convicted in 1997. In its January 3, 2001, Order denying Pabellon's § 2255 petition, the trial court thoroughly discussed why the out-of-court statement of Bryant Woodruff qualified as a firmly-rooted exception to the hearsay rule and why it contained a guarantee of trustworthiness under the criteria set forth in *Roberts*. The Court will not recite the trial court's rationale but agrees with its analysis finding that the admission of the out-of-court statement by Bryant Woodruff did not violate Pabellon's Sixth Amendment rights under *Roberts*.

Because the admission of the out-of-court statement was proper under *Roberts* and because *Crawford* cannot be applied retroactively in this collateral proceeding, the Court finds that Pabellon has failed to state a claim upon which relief can be granted. *See Shaneberger v.*

*Bell*, 2007 WL 2688563, *13 (E.D. Mich., September 6, 2007). Therefore, the Court will dismiss the § 2241 petition with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2) (ii).

### III.    CONCLUSION

Accordingly, being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Clerk is directed to designate Donald L. Stine, the Warden of USP McCreary, as the proper Respondent to this action.

2. Petitioner Pabellon's petition for a writ of habeas corpus [Record No. 2] is **DENIED**.

3. The Petitioner's "Application to Proceed In Forma Pauperis" [Record No. 8] is **DENIED** as moot inasmuch as the Court has received the $5.00 filing fee. [Record No. 6]

4. This action is **DISMISSED** from the docket of the Court. The Petitioner's claims are **DISMISSED**, with prejudice.

5. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 22nd day of January, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge